CHARLES W. COOKE, AN INFANT, ETC., RESPONDENT, *v.* THE LALANCE GROJEAN MANUFACTURING COMPANY, APPELLANT.

*Examination before trial — the court cannot compel the defendant, who asks to examine the plaintiff, to allow the attorney for the plaintiff to examine a machine upon which plaintiff was injured.*

In this action, brought by the plaintiff to recover damages for injuries sustained by him while working upon a machine, as an employe of the defendant, the latter procured an order for the examination of the plaintiff before trial. Upon an affidavit made by the plaintiff's attorney, stating, among other things, that he could not cross-examine his client on the examination before trial, or comprehend such examination, without a previous inspection of the machine, an order was made directing the defendant to allow the plaintiff's attorney to inspect the machine, and staying the examination of the plaintiff until his attorney should be allowed to make such inspection.

*Held,* that the court had no power to make the order.

APPEAL from an order made at a Special Term, staying the examination of the plaintiff as a party before trial, pursuant to an

order made herein December 27, 1882, and providing, as a condition precedent, "that the defendant allow the plaintiff's attorney to inspect the machine on which the plaintiff was working when injured, as alleged in the complaint, before any examination of the plaintiff is had."

This is an action for damages for injuries alleged to have been received by the plaintiff from a machine belonging to the defendant, while said plaintiff was in the employ of this defendant, and working upon said machine.

After an order for the examination of the plaintiff had been made, the plaintiff's attorney procured an order from this court, at Special Term, requiring the defendant to allow the plaintiff's attorney to inspect the machine on which the plaintiff was working when injured, as alleged in the complaint, before any examination of the plaintiff is had, and staying the examination of the plaintiff until the plaintiff should be allowed to examine said machine.

In his affidavit the plaintiff's attorney alleged, among other things, that when the order for the examination of the plaintiff was made " he immediately went to the defendant's attorneys and asked the privilege of inspecting the machinery upon which plaintiff was injured, previous to the examination of said plaintiff. The defendant's attorneys, after considering the matter a few days, declined to permit deponent such inspection, but promised to do so after the examination."

"Plaintiff is but fifteen years old, and deponent cannot derive from him an accurate idea of the machine on which he was hurt, and this deponent will be entirely unable to comprehend the examination of the plaintiff unless he is permitted to see the machine previous thereto.

"He will be placed at a disadvantage, and will be entirely unable to cross-examine the plaintiff or bring out the subject in plaintiff's behalf, unless he is permitted to inspect the machine. The machine is in defendant's factory, and no possible injury can accrue to defendant from permitting deponent to see it."

*Morris O. Pearsall*, for the appellant.

*Charles J. Patterson*, for the respondent.

DYKMAN, J. :

The defendant procured an order for the examination of the plaintiff before trial. Then the plaintiff, on motion, obtained an order directing the defendant to allow the plaintiff's attorney to inspect the machine on which the plaintiff was working at the time he sustained the injury for which the action is brought. The order contained a stay of the examination of the plaintiff until his attorney should be allowed to examine the machine. From this last order we have this appeal.

We find neither precedent nor authority for this order. Under the common law, the Revised Statutes and the Code of Procedure, courts of record possessed jurisdiction and power to compel a party to an action to produce and discover books of account, papers and documents, or to permit an inspection and copy thereof. This same right is now continued by our Code of Civil Procedure. We find no law and have been referred to none carrying the right of discovery or inspection to the private personal property of an adverse party in a civil action.

This order is founded on an affidavit of the plaintiff's attorney, that he cannot cross-examine his client on the preliminary examination before trial, or comprehend such examination without an inspection of the machine previous thereto. There is neither power nor discretion in this court to assist him in that respect. Such an exercise of power would be a usurpation of authority to search and inspect the private premises of a citizen, in a manner and for a purpose not tolerated by our law. Even the power vested in the courts to order discovery and inspection of books of account and documents is discretionary and not obligatory, and is exercised with great caution, where the party applying has some right or interest in the accounts or papers. No discovery or inspection will be ordered even of account books or documents which are of strictly private character.

The dwellings of our citizens will be of small security to them if they may be invaded by their enemies and searched for articles of personal property to be inspected under an order of a court. Such a proceeding would be at war with all our traditions as freemen, and should find justification in some direct mandate of the law at least. Neither can this order be upheld as a condition to the

examination of the plaintiff. That order was granted as a right secured by law, and did not proceed from the favor of the court.

The order should be reversed, with costs and disbursements.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Order reversed, with costs and disbursements, and unconditional order to examine plaintiff granted.